UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RONALD L. GELZER,

                              Petitioner,

                              v.

UNITED STATES OF AMERICA,
----------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
16-cv-6406 (JMA)
93-cr-47 (JMA)

FILED
CLERK
11:07 am, Jul 07, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

Pending before the court is the motion for a writ of error <u>coram nobis</u> pursuant to 28 U.S.C. § 1651 brought by petitioner Ronald L. Gelzer ("Gelzer"), seeking to vacate a prior conviction for a violation of 18 U.S.C. § 924(c).  <u>See</u> Motion for a Writ of Coram Nobis (the "Petition"), ECF No. 189.  For the reasons set forth below, the Petition is DENIED.

### I. BACKGROUND[1]

**A. Conviction, Sentence, and Prior Appeals**

On July 1, 1993, Gelzer was convicted of:  (1) conspiracy to commit armed postal robbery, in violation of 18 U.S.C. § 371; (2) armed postal robbery, in violation of 18 U.S.C. § 2114; (3) using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); (4) possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and (5) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k).  (<u>See</u> ECF No. 49.)  On January 28, 1994, the Honorable Thomas C. Platt sentenced Gelzer to a total of one hundred thirty-eight (138) months imprisonment, and

---

[1] Only background facts relevant to determination of the pending motion are set forth herein.

imposed a post-release, five-year (5) term of supervised release. (See Minute Entry, ECF No. 80; Judgment, ECF No. 83.)

Gelzer appealed from the judgment on February 4, 1994. (See Notice of Appeal, ECF No. 88.) On April 17, 1995, the United States Court of Appeals for the Second Circuit affirmed the underlying judgment in part and vacated it in part and remanded the matter for resentencing. (See ECF No. 114.) On April 12, 1996, Judge Platt reduced Gelzer's sentence from one hundred thirty-eight (138) months to one hundred twenty (120) months but left the term of supervised release intact. (See Minute Entry, ECF No. 149; Amended Judgment, ECF No. 150.) Gelzer both appealed from the amended judgment and thereafter filed a petition pursuant to 28 U.S.C. § 2255, which was again denied by this Court and affirmed by the Second Circuit. (See generally Case No. 99-cv-2590.) Gelzer served his full sentence and was released from prison in or about March 2001. (See Petition at 1.) His term of supervised release ended in or about March 2006. (See Minute Entry, ECF No. 149; Amended Judgment, ECF No. 150.)

**B. Instant Motion**

On November 15, 2016, Gelzer filed the instant Petition, which seeks vacatur of his Section 924(c) conviction based on the Supreme Court's decision in Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015). Specifically, Gelzer contends that his conviction for armed postal robbery is not a "crime of violence" under Section 924(c) and cannot support his 924(c) conviction. (See generally Petition.) The Government responded on March 23, 2017 and Gelzer filed a reply thereafter. (See ECF Nos. 192, 194.) For the following reasons, Gelzer's Petition is denied.

## II.  DISCUSSION

### A.  Legal Standards

A writ of error coram nobis is an "extraordinary remedy" authorized under the All Writs Act, 28 U.S.C. § 1651(a), that "issues only in extreme cases." United States v. Denedo, 556 U.S. 904, 911 (2009).  The writ is "typically available only when habeas relief is unwarranted because the petitioner is no longer in custody," Kovacs v. United States, 744 F.3d 44, 49 (2d Cir. 2014), and is "a remedy of last resort," Fleming v. United States, 146 F.3d 88, 89 (2d Cir. 1998) (per curiam), that is "strictly limited to cases in which 'errors…of the most fundamental character' have rendered 'the proceeding itself irregular and invalid.'"  Foont v. United States, 93 F.3d 76, 78 (2d Cir. 1996) (quoting United States v. Carter, 437 F.2d 444, 445 (5th Cir. 1971) (per curiam)).

To be entitled to relief, a petitioner must demonstrate that "(1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  Tavera v. United States, No. 20-cv-6342, 2021 WL 2453940, at *3 (E.D.N.Y. June 16, 2021) (quoting Foont, 93 F.3d at 79).  Moreover, since coram nobis is reserved for petitioners who are no longer in custody pursuant to criminal convictions, courts are "more reluctant to grant relief" under coram nobis, than to grant habeas relief under similar circumstances.  Brooks v. United States, No. 94-cr-729, 2023 WL 3819374, at *3 (E.D.N.Y. June 5, 2023) (citing Moskowtiz v. United States, 64 F. Supp. 3d 574, 577-78 (S.D.N.Y. 2014)).

At the same time, a pro se petition for coram nobis must be liberally construed to raise the strongest arguments that it suggests.  Dixon v. United States, No. 14-cv-1223, 2018 WL 910522, at *4 (E.D.N.Y. Feb. 4, 2018) (quoting Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir.

3

2014)).  However, pro se status "does not excuse [a] [p]etitioner 'from complying with relevant rules of procedural and substantive law." Id.

B. Merits[2]

Gelzer's Petition seeks vacatur of his Section 924(c) conviction, alleging that it is unconstitutional in light of Johnson.  Specifically, he argues that the predicate offense – armed postal robbery – is not a "crime of violence" under Section 924(c)'s "Elements Clause" and, thus, cannot support his conviction under that statute.  (See generally Petition.)  As the relevant law has developed significantly since the Petition's filing, the Court analyzes his request in light of Johnson and its progeny, specifically United States v. Davis, __ U.S. __, 139 S. Ct. 2319 (2019).

In Davis, the Supreme Court invalidated Section 924(c)'s residual clause – Section 924(c)(3)(B) – which defines a "crime of violence" as a crime that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used."  The Supreme Court found that Section 924(c)'s residual clause was unconstitutionally vague.  See Davis, 139 S. Ct. at 2324-25.  In doing so, however, the Supreme Court left intact the statute's "elements clause" – Section 924(c)(3)(A) – which defines a "crime of violence" as "an offense that is a felony and has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  See id. at 2325 (noting that defendants had also been convicted under the elements clause for use of a firearm in the course of a robbery).

In determining whether an offense satisfies Section 924(c)'s "elements clause," the Court uses a "categorical" approach, meaning an offense only constitutes a "crime of violence" upon which a Section 924(c) conviction may be predicated if the offense satisfies the statute's "elements clause."  See Feliz v. United States, No. 16-cv-4449, 2022 WL 4554460, at *1 (S.D.N.Y. Sept. 29,

---

[2] As the Government does not allege that Petition is procedurally barred, the Court will proceed to its merits.

4

2022); Fernandez v. United States, 569 F. Supp. 3d 169, 174-75 (S.D.N.Y. 2021). Under the categorical approach, courts "evaluate whether the minimum criminal conduct necessary for conviction under a particular statute necessarily involves violence." United States v. Hendricks, 921 F.3d 320, 327 (2d Cir. 2019) (citations omitted). In doing so, courts focus on the "elements of the offense and do not consider the particular facts of the underlying crime." Id.

The Court denies Gelzer's request to vacate his Section 924(c) conviction and sentence pursuant to Johnson, Davis, and their progeny. As relevant here, Gelzer was convicted of: (1) armed postal robbery, under 18 U.S.C. § 2114; and (2) using and carrying a firearm during and in relation to a crime of violence – specifically armed postal robbery – in violation of 18 U.S.C. § 924(c)(1). (See ECF No. 49.) Section 924(c) penalizes "any person who, during and in relation to any crime of violence or drug trafficking crime…uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c).

Section 2114 is considered a "divisible" statute because "it lists multiple elements disjunctively" and criminalizes "at least two separate offenses" – (a) non-aggravated postal robbery and (b) aggravated postal robbery. United States v. Board, No. 16-cv-3259, 2022 WL 2079742, at *3 (E.D.N.Y. June 9, 2022). The list of aggravated offenses is divisible too: (1) wounding the mail carrier in the course of the robbery or attempted robbery; (2) using a dangerous weapon to put the mail carrier's life in jeopardy in the course of the robbery or attempted robbery; or (3) committing a subsequent offense. Williams v. United States, 794 F. App'x 612, 614 (9th Cir. 2019). By listing the three as alternatives, they are not "illustrative examples" of "a crime's means of commission" but rather elements of separate crimes. 18 U.S.C. § 2114(a); see also Board, 2022 WL 2079742, at *3 (citing Mathis v. United States, 579 U.S. 500, 517-18 (2016)).

5

To determine whether a divisible statute's elements reflect a "crime of violence," courts take a "modified categorical approach." Board, 2022 WL 2079742, at *3 (citing Descamps v. United States, 570 U.S. 254, 260 (2013)). Because divisible statutes create separate crimes, courts first look to a "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine" which of the divisible statute's "crime[s], with what elements, a defendant was convicted of." See Mathis, 579 U.S. at 500. Once determined, a court applies the categorical approach to that crime. Id.

The modified categorical approach is therefore necessary to determine whether the jury convicted Defendant of Section 2114(a) or (b) and, if the former, whether it was non-aggravated or aggravated – and, if aggravated, which type. To that end, the Court relies on the indictment[3], which charged Defendant with, inter alia, "knowingly and willfully rob[bing]" postal workers and, in doing so, "put[ting] in jeopardy the lives of" said workers "by use of a dangerous weapon." Indictment at 2 (Count 2). Accordingly, as prior courts have done, the Court finds that the jury convicted Defendant of "life in jeopardy" aggravated postal robbery. See, e.g., United States v. Williams, No. 16-cv-3355, 2022 WL 1488695, at *4 (E.D.N.Y. May 11, 2022) (concluding that jury had convicted defendant of "life in jeopardy" aggravated postal robbery based solely on the language of the superseding indictment).

Here, Gelzer's Section 924(c) conviction is predicated on his "life in jeopardy" aggravated armed postal robbery conviction, thus implicating Section 924(c)'s "crime of violence" definition. Accordingly, the Court must next analyze Gelzer's conduct through the lens of the categorical approach. To do so, the Court must consult the statute's "elements clause" to satisfy itself that Gelzer's actions satisfy that clause's permissible, post-Davis definition of a "crime of violence,"

---

[3] The Court takes judicial notice of the indictment in this matter, which was filed as an exhibit in co-defendant Robert Gelzer's appeal. (See Case No. 16-1852 (2d Cir. Nov. 8, 2019), ECF No. 42 ("Indictment").)

and, specifically, evaluate whether there is a "realistic probability that a robbery putting a life in jeopardy by the use of a weapon capable of inflicting serious bodily harm" can be accomplished without "'the use, attempted use, or threatened use of physical force.'"  Williams, 2022 WL 1488695, at *4 (quoting 18 U.S.C. § 924(c)(3)(A)).

Simply put, it cannot.  As this Court has concluded, "to commit a robbery that puts a life in jeopardy by using a weapon capable of inflicting serious bodily harm requires, at a minimum, the use, attempted use, or threatened use of physical force."  See Williams, 2022 WL 1488695, at *4.  This finding is similarly buttressed by the pertinent, post-Davis caselaw, a review of which leads the Court to conclude that Gelzer's aggravated armed postal robbery conviction falls within Section 924(c)(3)(A)'s definition of a "crime of violence," rendering his instant collateral attack defective.  See, e.g., Board, 2022 WL 2079742, at *5 (denying defendant's motion to vacate armed postal robbery-predicated Section 924(c) conviction where underlying facts of crime satisfied Section 2114(a)'s "life in jeopardy" clause); United States v. King, No. 16-cv-3403, 2022 WL 1488654, at *2-3 (E.D.N.Y. May 11, 2022) (denying defendant's motion to vacate armed postal robbery-based Section 924(c) conviction and finding that "a robbery that puts a life in jeopardy by using a weapon capable of inflicting serious bodily harm requires, at a minimum, the use, attempted use, or threatened use of physical force"); Williams, 2022 WL 1488695, at *1 (denying defendant's motion to vacate armed postal robbery-based Section 924(c) conviction and finding that "the minimum conduct sufficient to satisfy § 2114(a)'s 'life in jeopardy' aggravated postal robbery is a crime of violence").  Gelzer's Petition thus fails on the merits.

### III. CONCLUSION

For the foregoing reasons, Gelzer's Petition, ECF No. 189, is DENIED.  The Clerk of the Court is respectfully directed to close the corresponding civil case, No. 16-cv-6406.

The Court declines to issue a certificate of appealability because Gelzer has not made a substantial showing that he was denied a constitutional right.  See 28 U.S.C. § 2253(c)(2).

**SO ORDERED**.

Dated: July 7, 2023
      Central Islip, New York

    /s/ (JMA)
Hon. Joan M. Azrack
United States District Judge